UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL AGUILAR, | No. C 12-0690 YGR (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| WILLIAM KNIPP, | |
| Respondent. / | |

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's unopposed motion to dismiss the petition as untimely (Docket No. 11) is GRANTED. The petition is DISMISSED.

## DISCUSSION

**A. Standard of Review**

Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by

unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

### B.     Timeliness of the Petition

The following facts are undisputed. On February 5, 2002, petitioner was sentenced pursuant to the convictions he received in the Santa Clara Superior Court for kidnapping, false imprisonment, and committing a lewd and lascivious act on a child. On July 23, 2003, the state supreme court denied his petition for direct review. Accordingly, petitioner had until October 21, 2004, that is, one year and ninety days from the date the state supreme court issued its decision, to file a timely federal habeas petition. The instant petition was filed on January 26, 2012, well after the October 21, 2004 deadline. On this record, absent statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations.

#### 1.     Statutory Tolling

Petitioner filed a habeas petition in the state supreme court on March 27, 2009. For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* § 2244(d)(2).

Petitioner is not entitled to statutory tolling. A state habeas petition filed after AEDPA's statute of limitations ended, such as the March 27, 2009 state habeas petition, cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the

limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). Because the limitations period expired prior to the filing of the first state habeas petition, petitioner is not entitled to statutory tolling. Accordingly, absent equitable tolling, the petition is untimely and must be dismissed.

### 2. Equitable Tolling

Petitioner has filed nothing in response to the motion to dismiss. He has not, therefore, advanced any reasons entitling him to equitable tolling. Accordingly, he is not entitled to relief from the statute of limitations on such grounds.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely (Docket No. 11) is GRANTED. Accordingly, the action is DISMISSED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent, terminate Docket No. 11, and close the file.

**IT IS SO ORDERED**.

DATED: November 6, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**